IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YVONNE ROMAINE, *et al.* | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-15-3411 |
| BARACK OBAMA | * | |
| ARNOLD SCHWARTZENEGGER | | |
| CAMILLE YARBOROUGH | * | |
| MARSHA SMITH | | |
| MARGARET JUSTIN | * | |
| ANNDALE BANKS | | |
| SHARAYE ALEXANDER | * | |
| VIRGINIA ALEXANDER | | |
| DONDRIA GRUBAUSKI | * | |
| Defendants. | | |
| | ***** | |

MEMORANDUM

On November 6, 2015, Yvonne Romaine filed the above-captioned case on filed on behalf of herself and children invoking this court's federal question jurisdiction. The complaint is accompanied by a motion to proceed in forma pauperis. ECF No. 2. Because she appears indigent, Ms. Romaine's indigency motion shall be granted.

The self-represented action complains that defendants have slandered and stalked plaintiffs since 2001 and have placed "holds" on unspecified "judgments" entered in proceedings, some of which are 25 to 30 years old. Ms. Romaine further claims that defendants "are collaborating with un-desirables," have compromised deceased family members' personal identifier information, and have informed drug operatives that plaintiffs stole their merchandise therefore placing plaintiffs at risk of harm. ECF No. 1 at p. 2.

Pursuant to 28 U.S.C. § 1915,[1] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. The statute permits district courts to independently assess the merits of in forma pauperis complaints, and "to exclude suits that have no arguable basis in law or fact." *See Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). This screening authority differentiates *in forma pauperis* suits from ordinary civil suits. *Nasim*, 64 F.3d at 953-954; *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. See *Fogle v. Blake*, 227 Fed. Appx. 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner Complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief

---

[1] The statute provides in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

Upon generous construction of the complaint, the court finds that plaintiff has failed to set out a claim entitling her to relief. The factual assertions and legal conclusions raised in the document regarding plaintiff's vague claims of slander, stalking, and impeding judgments, raised against unidentified Maryland parties, the current U.S. President and former Governor of California, amount to nonsensical gibberish. The allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed R. Civ. P 12 (b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994). The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and shall be dismissed by separate Order.[2]

Date: 11/14/15

J. Frederick Motz
United States District Judge



---

[2] To the extent that Ms. Romaine seeks damages for alleged tortious personal injury, she has failed to meet the federal diversity of citizenship requirements under 28 U.S.C. § 1332.

3